IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARK McPHERSON,

    Petitioner,

vs.                                    CIVIL ACTION NO. CV204-167

ROBERT McFADDEN, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mark McPherson ("McPherson"), an inmate currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Respondent filed a Response, and McPherson has filed a Traverse. For the reasons which follow, McPherson's petition should be **DENIED**.

## STATEMENT OF THE CASE

McPherson was convicted in the United States District Court for the Southern District of Florida for conspiracy to import cocaine and heroin, in violation of 21 U.S.C.A. § 963. McPherson was sentenced to 90 months' imprisonment and four (4) years' supervised release. As part of this sentence, McPherson was ordered to pay a $3,000.00 fine.

In the instant petition, McPherson alleges that he initially agreed to participate in the Inmate Financial Responsibility Program ("IFRP") and was paying $25.00 a quarter on his $3,000.00 fine. McPherson alleges that he was informed that he would have to pay a higher amount, but he informed his case manager that he could not afford to pay the higher

AO 72A
(Rev. 8/82)

amount because his prison job did not pay that much. McPherson also alleges that he has been threatened with punishment if he refuses to pay the higher amount. McPherson contends that the Bureau of Prisons ("BOP") has violated federal law in determining the fine installment payments. McPherson asserts that the BOP should not collect any further payments until a court determines a payment plan. McPherson also asserts that the BOP's actions are violative of 18 U.S.C.A. §§ 3572(d) and 3663(2)(a)[1].

Respondent contends that the BOP is entitled to administer a financial program within its facilities to require inmates to cooperate with prison officials to develop a plan to meet their financial obligations, including court ordered fines. Respondent asserts that an inmate's refusal to participate in the IFRP or to comply with the provisions of his financial plan ordinarily results in the inmate suffering certain consequences, such as denial of pay or work details outside of the institutional perimeter, limits on commissary spending, or denial of placement in a community based program. (Resp., pp. 6-7.)

## DISCUSSION AND CITATION OF AUTHORITY

"A person sentenced to pay a fine or other monetary penalty . . . shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C.A. § 3572(d)(1). Pursuant to the authority delegated to the Director of the BOP in 28 C.F.R. § 0.96(o), the BOP enacted the IFRP. 28 C.F.R. § 545.10, *et seq.*. Through the IFRP, the BOP encourages every "sentenced inmate to meet his . . . legitimate financial obligations. As part of the initial classification

---

[1] 18 U.S.C.A. § 3663 pertains to restitution payments; thus, the Court fails to recognize this statute's applicability to the case *sub judice*, as McPherson complains about the payment of his fine. In addition, this statute does not contain a subsection (a)(2). Likewise, Respondent's mention of 18 U.S.C.A. § 3664 pertains to restitution issues and is equally inapplicable to the instant petition.

2

process, staff will assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility." 28 C.F.R. § 545.10. A fine imposed as part of an inmate's sentence qualifies as an inmate financial obligation. 28 C.F.R. § 545.11(a)(3). The BOP determines whether an inmate participates in the IFRP when an inmate's "demonstrated level of responsible behavior" is assessed. 28 C.F.R. § 545.11(c). Failure to comply with the IFRP can result in punitive action by the BOP. 28 C.F.R. § 545.11(d)(1)-(11).

McPherson asserts that under federal law, only a district court judge can determine the amount of installment payments to be made on fines. Because the BOP has made this determination, McPherson avers that it has acted outside of its jurisdiction. McPherson contends that the sentencing judge only directed him to save money to pay the imposed fine and that the BOP's desire to have him pay an increased amount of money on his fine places an undue hardship on him and his family. McPherson also contends that he was threatened with punishment if he did not sign a new contract to pay a higher amount of money. (Mem., p. 2.)

Respondent contends[2] that, despite McPherson's assertion to the contrary, the BOP's administration of the IFRP does not violate his constitutional rights. Respondent also contends that McPherson's entire fine was payable immediately after he was sentenced since the court's judgment and commitment order did not provide for installment

---

[2] Respondent asserts that McPherson failed to exhaust his administrative remedies, and as a result, his petition should be dismissed. The Court recognizes Respondent's arguments in this regard but declines to address this issue. Instead, a review of the merits of McPherson's petition indicates that he is not entitled to his requested relief. Additionally, based on the evidence before this Court, it appears that McPherson did all he could in terms of exhausting his administrative remedies. (See Mem., Att. 1; Doc. No. 10, p. 2.)

3

payments. Respondent further contends that what McPherson "really objects to is paying more money on his fine[,] as he is capable of doing based upon the most recent deposits in his inmate trust account." (Resp., p. 13.)

It does not appear that the sentencing court established a date certain for McPherson's payment of his fine, nor did that court provide for payment of his fine in installments. (Resp't Ex. 2, p. 3.) Accordingly, McPherson's fine was due immediately; the sentencing judge proscribed that the BOP, the United States Probation Office, and the United States Attorney's Office would be responsible for the enforcement of his order. (Resp't Ex. 2, p. 4.) Pursuant to 28 C.F.R. § 545.11 and Program Statement 5380.07[3], a financial plan was developed for McPherson. McPherson initially agreed to pay the $25.00 a month. It appears that McPherson also agreed to pay the increased amount of $75.00 a month, as is evidenced by the "Inmate Financial Contract" and the "Installment Schedule Agreement for Unpaid Fines" he signed in October 2004. (Resp't Ex. 10.) The BOP is well within its authority to establish and monitor the IFRP at its facilities. See 28 C.F.R. § 0.96(o); 28 C.F.R. § 545.10. As an aside, it does not appear that McPherson was "threatened" with punishment if he refused to sign a new contract; rather, it appears that he merely was informed of what punitive actions he could face if he refused to sign a new contract. See 28 C.F.R. § 545.11(d)(1)-(11). Because the BOP has not violated the guidelines set forth in the IFRP, McPherson's claim is without merit.

---

[3] Program Statement 5380.07 is the BOP's promulgation of 28 C.F.R. §§ 545.10-11. (Resp't Ex. 4, p. 4.)

4

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that McPherson's petition for writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C.A. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this ___1st___ day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

MCPHERSON )

vs ) CASE NUMBER CV204-167

MCFADDEN ) DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/1/05, which is part of the official record of this case.

Date of Mailing: 7/1/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Delora Kennebrew
Mark McPherson, 54887-004, FCI Jesup, 2650 Highway 301 South, Jesup, GA 31599

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate